UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                       Plaintiff,          DECISION AND ORDER

-vs-

                                                                  19-CV-6921   (CJS)

DAVID J. FERRI, *et al*.,

                                       Defendants.

_____

      Now before the Court is Plaintiff United States of America's application for four forms of relief: (1) amendment of the caption to dismiss Defendants John Doe, Mary Roe, and XYZ Corporation; (2) a default judgment against Defendants Mariner Finance, LLC, and Midland Funding LLC; (3) summary judgment on its action for foreclosure against Defendant David J. Ferri; and (4) a judgment of foreclosure and sale decreeing the sale of the mortgaged premises. Notice of Mot., Apr. 6, 2022, ECF No. 35. For the reasons stated below, Plaintiff's application [ECF No. 35] for amendment of the caption, default judgment, and summary judgment is granted. The Clerk of Court is directed to amend the caption to remove Defendants John Doe, Mary Roe, and XYZ Corporation. Plaintiff is directed to submit an amended proposed judgment of foreclosure and sale pursuant to the Court's direction.

I. BACKGROUND[1]

      Plaintiff, acting through the Rural Housing Service of the United States Department

---

[1] The following background has been drawn primarily from Plaintiff's unrefuted statement of material facts, submitted pursuant to Rule 56(a) of the Local Rules of Civil Procedure of the Western District of New York. Pl. Statement of Facts ("Facts"), Apr. 6, 2022, ECF No. 35-19. The Court has also reviewed Plaintiff's supporting exhibits, including an attorney affirmation from Plaintiff's counsel [ECF No. 35-1] and an affidavit from Plaintiff's lead foreclosure specialist, Walter Lindsey, Jr. [ECF No. 35-2].

of Agriculture ("RHS"), is the holder of a promissory note in the amount of $187,790, and a duly recorded first mortgage against the premises known as 6100 Goodale Road, Canandaigua, NY ("the property"), both of which were executed and delivered by Ferri on June 22, 2010. Pl. Statement of Facts ("Facts"), ¶ 1–2, Apr. 6, 2022, ECF No. 35-19. Ferri defaulted on payments due and owing under the note and mortgage beginning in January 2019, and Plaintiff has – under the terms of those instruments – declared the entire sums secured by the mortgage to be due and payable. Facts at ¶ 3–4.

On May 2, 2019, Plaintiff mailed correspondence to Ferri at the property with a subject line denoting "Notice of Acceleration of Your [RHS] Loan(s); Demand for Payment of that Debt; Notice of Intent to Foreclose; and Notice of your Opportunity to Have a Hearing Concerning this Action." Facts at ¶ 7. In addition, pursuant to New York Real Property Actions and Proceedings Law ("RPA") § 1304, Plaintiff served a 90-Day Pre-Foreclosure Notice on Ferri at the property by both certified mail and regular mail on September 25, 2019, and registered the notice with the State of New York. Facts at ¶ 5. Plaintiff filed the instant complaint and a notice of *lis pendens* in this Court in December 2019, and a "Notice of Pendency" in Ontario, New York County Court in January 2020. ECF. Nos. 1, 3, 35-11.

In April 2022, Plaintiff filed the instant motion, requesting the relief outlined above. Mot. for Summ. J., Apr. 6, 2022, ECF No. 35. Although Ferri filed an answer to Plaintiff's complaint, he has not responded to Plaintiff's application for summary judgment, despite ample time to do so.

2

## II. DISMISSAL OF DEFENDANTS DOE, ROE, AND XYZ

Initially, the court addresses Plaintiff's request that the caption be amended to dismiss Defendants John Doe, Jane Roe, and XYZ Corporation from this action. As stated in Plaintiff's complaint, "[t]he true names of defendants John Doe, Mary Roe, and XYZ Corporation are unknown to the United States, those names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof." Compl. at ¶ 16. In an attorney affirmation submitted with Plaintiff's motion to dismiss, counsel states that "[n]oone has been served under the[se] fictitious names . . . at the premises at issue." MacTiernan Affirmation, ¶ 16, Apr. 6, 2022, ECF No. 35-1. Accordingly, Plaintiff's motion [ECF No. 35] is GRANTED as to this request, Plaintiff's claims against these unidentified Defendants are dismissed, and the Clerk of Court is directed to remove Defendants John Doe, Jane Roe, and XYZ Corporation from the caption of this case.

## III. DEFAULT JUDGMENT

In addition to seeking amendment of the caption to remove Defendants John Doe, Jane Roe, and XYZ Corporation, Plaintiff has moved for default judgment against Defendants Mariner Finance, LLC ("Mariner") and Midland Funding LLC ("Midland"). ECF No. 35. Plaintiff has alleged that Defendants Mariner and Midland "have or may claim to have some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any accrued subsequently to the lien of the United States mortgage and is subsequent thereto." Compl. at ¶ 12. Further, Plaintiff's counsel has affirmed that Mariner and Midland "are in default for want of appearance, defense or answer, although

the time for each of these defendants to appear, answer or otherwise defend in this action has expired." MacTiernan Affirmation at ¶ 10.

A. Legal Principles

Motions for default judgments are governed by a two-step process established in Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* Fed. R. Civ. P. 55; *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). The first step of the process requires the moving party to obtain a certificate of default from the Clerk of the Court. Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may move to the second step of the process: an application for entry of a default judgment. Fed. R. Civ. P. 55(b).

Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation– other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). However, the Clerk's entry of default does not lead to default judgment as a matter of right. *Shah v. N.Y. State Department of Civil Services*, 168 F.3d 610, 615 (2d Cir. 1999) (internal quotations omitted). Rather, "prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

4

B. Application

Here, the complaint contains well-pleaded allegations of liability: i.e., that any judgments that Midland or Mariner may have against Ferri are subordinate to Plaintiff's. *See Christiana Bank & Trust Co. v. Dalton*, 2009 WL 4016507, at *5 (E.D.N.Y. 2009). Plaintiff has submitted proof that Midland and Mariner were properly served in this action, and no one has come forward from either defendant to assert their rights or interests in the property. *See* Lindsey Aff. (Ex. J), Apr. 6, 2022, ECF No. 35-12 ("Affidavits of Service"). "[T]here is no reason to anticipate that a default judgment will have harsh effects. Had [ ] the defendant[ ] believed that [its] liens were not subordinate to the [P]laintiff's, [it] would have set forth the[ ] argument in an answer." *Greystone Bank v. Skyline Woods Realty, LLC*, 817 F. Supp.2d 57, 66 (N.D.N.Y. 2011) (citation omitted). Therefore, Plaintiff's motion for default judgment against Midland and Mariner is granted. *See E. Sav. Bank, FSB v. Rabito*, No. 11-CV-2501, 2014 WL 4804872, at *7 (E.D.N.Y. Sept. 10, 2014), *report and recommendation adopted*, No. 11-CV-2501, 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014) ("Since these defendants have been served, and have defaulted, they too should be subject to the entry of a default judgment extinguishing any rights they may have had with respect to the property.").

IV. SUMMARY JUDGMENT

With respect to Defendant Ferri, Plaintiff states that he has defaulted on the note which is secured by a mortgage on the premises known as 6100 Goodale Road in Canandaigua. Therefore, Plaintiff seeks summary judgment on its foreclosure action based on the supporting evidence that it has submitted. MacTiernan Affirmation at ¶ 3–

5

9. Although Ferri answered Plaintiff's compliant in this action, he did not submit a response to Plaintiff's motion for summary judgment. Answer, Feb. 5, 2020, ECF No. 5.

In his answer, Ferri raised two defenses, including failure to state a claim upon which relief can be granted because Plaintiff failed to demonstrate that it gave proper notice of acceleration pursuant to Plaintiff's servicing handbook, and because Plaintiff failed to properly service the loan in accordance with the applicable regulations. Answer at 3. Ferri also asserted several affirmative defenses: failure to provide proper notice of acceleration, failure to properly service the loan, failure to comply with the 45-day notice requirements under the Real Estate Settlement Procedures Act ("RESPA"), and because Plaintiff has initiated a separate state foreclosure lawsuit in Ontario County Supreme Court. Answer at 3–4.

A. Legal Principles

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once this burden is met, the burden shifts to the non-moving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial. *Spinelli v. City of N.Y.*, 579 F.3d 160, 166–67 (2d Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Summary judgment is often an appropriate mechanism for the resolution of mortgage foreclosure actions. *United States v. Paugh*, 332 F. Supp.2d 679, 680–81 (S.D.N.Y. 2004) (citation omitted). In a foreclosure action under New York law, a plaintiff establishes its *prima facie* entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default. *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28 (2d Cir. 2017) (citing *Wells Fargo Bank, N.A. v. Walker*, 141 A.D.3d 986 (N.Y. App. Div. 2016)).

"If these elements are established, the mortgagee has a 'presumptive right to collect, which can only be overcome by an affirmative showing by the defendant.'" *Wilmington PT Corp. v. Parker*, No. 19-CV-2380, 2020 WL 1704303, at *5 (E.D.N.Y. Mar. 20, 2020), *report and recommendation adopted sub nom. Wilmington PR Corp. v. Parker*, No. 19-CV-2380, 2020 WL 1703634 (E.D.N.Y. Apr. 8, 2020) (quoting *FirstStorm Partners 2 LLC v. Vassel*, No. 10-CV-2356, 2012 WL 1886942, at *3 (E.D.N.Y. Mar. 8, 2012)). In defending against a foreclosure action, the defendant must provide evidence in admissible form; mere conclusions or unsubstantiated assertions are insufficient. *Greystone Bank*, 817 F. Supp.2d at 62 (citations omitted).

B. Plaintiff's *Prima Facie* Showing

After reviewing the record and the papers in this case, the Court concludes that Plaintiff has established its *prima facie* entitlement to summary judgment on its foreclosure action against Ferri by producing evidence of the mortgage, the unpaid note, and the defendant's default.

In its complaint, Plaintiff alleges: (1) that it lent Ferri $187,790 to be repaid in specified monthly installments with interest at 4.875% (Compl. at ¶ 2), (2) that Ferri executed and delivered a promissory note as evidence of such indebtedness (Compl. at ¶ 3), and (3) that Ferri executed and delivered a real property mortgage, with 6100 Goodale Road, Canandaigua, New York as the security on the note (Compl. at ¶ 4). Plaintiff has submitted copies of the executed promissory note and mortgage. Additionally, Plaintiff alleges that Ferri breached and violated the provisions of the promissory note and mortgage when he failed to make his principal and interest payments beginning in January 2019. Compl. at ¶ 7.

Plaintiff supports its application with an affidavit from the RHS' lead foreclosure specialist, Walter Lindsey, Jr., who states that Ferri "has defaulted on payments due and owing under the Note and Mortgage, beginning with the January 22, 2019 payment," resulting in a total amount of $273,176.97 due and owing to Plaintiff as of November 1, 2021. Lindsey Aff., ¶ 5–6, Apr. 6, 2022, ECF No. 35-2. Lindsey's affidavit was further supported by copies of the note and mortgage, and a copy of Plaintiff's business record showing the accrued interest on the note. Lindsey Aff. (Exs. A, B, D), Apr. 6, 2022, ECF Nos. 35-3, 4, and 6; *see also Fortress Credit Corp. v. Alarm One, Inc.*, 511 F. Supp.2d 367, 371 (S.D.N.Y. 2007) ("[n]o general allegations of default will be assumed to be true; rather, [t]here must be some proof in the form of an affidavit of a person with knowledge, or a complaint verified by a person with knowledge.").

Ferri does not dispute Plaintiff's allegations with respect to the existence or terms of the note and mortgage. *See, e.g.,* Answer at ¶ 2–4. Neither does Ferri challenge

8

Plaintiff's standing to foreclose. *See* Answer at ¶ 6 (admitting that Plaintiff is the owner and holder of the note and mortgage); *Gustavia Home, LLC*, 720 F. App'x at 28–29. Thus, because Ferri adduces no basis for questioning the veracity of either Plaintiff's allegations or the applicable evidence presented by Plaintiff, the Court concludes that Plaintiff has established its *prima facie* entitlement to summary judgment. *See BellSouth Telecomms., Inc. v. W.R. Grace & Co.-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996) ("It is not sufficient [for a party opposing summary judgment] merely to assert a conclusion without supplying supporting arguments or facts." (quotation omitted)); *see also Gustavia Home, LLC v. Bent*, 321 F.Supp.3d 409, 415 (E.D.N.Y. 2018) (holding that the plaintiff proved default where it presented an affidavit from its single member that included a statement "based on his own knowledge and from reviewing Plaintiff's business records kept in the ordinary course of Plaintiff's business that defendant failed to cure the default" (internal quotation marks omitted)).

C. Ferri's Defenses and Affirmative Defenses

"Once a mortgagee's *prima facie* case is established, the mortgagor must make an affirmative showing that a defense to the action exists." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp.3d 71, 80 (E.D.N.Y. 2019) (citation omitted). In that regard, the first two defenses that Ferri raises in his answer – for failure to state a claim – are without merit. As indicated above, the Court has determined that Plaintiff has established its *prima facie* case for foreclosure. Having made this determination, the Court rejects outright a defense of "failure to state a claim." *See Signature Bank v. HKD Prods., Inc.*, No. 12-CV-6149, 2013 WL 1130247, at *2 (S.D.N.Y. Mar. 19, 2013) (rejecting failure-to-state-a-claim

9

defense where Plaintiff "ha[d] established a *prima facie* case"). Similarly, the Court rejects Ferri's affirmative defense that Plaintiff's action was impermissible due to a second action filed in Ontario [N.Y.] County Court, because the filing Plaintiff referred to was a notice of pendency to give other creditors notice of the instant action, and not a separate action. MacTiernan Aff. at ¶ 6.

With respect to the other affirmative defenses that Ferri asserts in his answer, the Court finds that they are likewise without merit. First, Ferri provides no legal support for his claim that Plaintiff's action to foreclose "is barred by its failure to provide to [Ferri] proper notice of acceleration pursuant to the U.S. Department of Agriculture Direct Single Family Housing servicing handbook." Answer at ¶ B.1–B.2. The note directly addresses the manner of notice between the parties, stating:

> DEFAULT. If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest . . . . [T]he Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.
>
> NOTICES. Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the property address listed above or at a different address if I give the Government a notice of my different address . . . .

Lindsey Aff. (Ex. A), Apr. 6, 2022, ECF No. 35-3.

Consistent with the language in their agreement, Plaintiff did send Ferri a notice by certified mail on May 2, 2019 – more than three months after Ferri had ceased payment on the note – with the subject line "NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S); DEMAND FOR PAYMENT OF THAT DEBT; NOTICE OF INTENT TO FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING THIS ACTION." Lindsey Aff. (Ex. E), Apr. 6, 2022, ECF No. 35-7. As is evident from the subject line, the notice clearly explained Ferri's right to an informal discussion with RHS officials before any action was taken toward foreclosure, and also his right to an administrative appeal of the determination that he was in default. *Id.* Further, Plaintiff sent a second notice three months later, on September 25, 2019, that opened with the following statement: "YOU MAY BE AT RISK OF FORECLOSURE. PLEASE READ THE FOLLOWING NOTICE CAREFULLY." Lindsey Aff. (Ex. F), Apr. 6, 2022, ECF No. 35-8. The second notice went on to inform Ferri that he was at risk of losing his home, and if he did not take action within 90 days from the date of the notice, Plaintiff would commence legal action to foreclose. *Id.* These notices not only complied with the terms of the agreements, but also served as sufficient notice under N.Y. R.A.P.L. § 1304.

Second, the Court finds no merit in Ferri's claim that the foreclosure action is barred due to Plaintiff's failure to provide timely information about the fair market value of the property in support of Ferri's application for a short sale. Although Ferri maintains that Plaintiff's long response time was a violation of applicable regulations, he does not point the Court to any specific regulations that were violated, does not provide any specifics with respect to when the request was made and how long it took Plaintiff to respond, and

11

declined to further elaborate on his defense in response to Plaintiff's motion for summary judgment. *See R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) ("While doubts must be resolved in favor of the party opposing the [summary judgment] motion, the opposing party must provide concrete particulars showing that a trial is needed, and it is not sufficient merely to assert a conclusion without supplying supporting arguments or facts in opposition to that motion." (quotations and brackets omitted)).

Lastly, Ferri's claim that foreclosure is barred due to Plaintiff's failure to comply with the "early intervention requirement" of the Real Estate Settlement Procedures Act (12 C.F.R. § 1024.39) is without basis in law. As Plaintiff points out, RESPA does not govern the loan and mortgage between Plaintiff and Ferri. Mem. of Law, 7, Apr. 6, 2022, ECF No. 35-18. Rather, USDA loans through RHS are governed by 7 C.F.R. Part 3550, which "sets forth policies for the direct single family housing loan programs operated by [RHS] . . . . and includes policies regarding both loan and grant origination and servicing." 7 C.F.R. § 3550.1. *See, e.g, Chiang v. Schafer,* No. CIV. A. 2000-04, 2008 WL 3925260, at *4 (D.V.I. Aug. 20, 2008), *aff'd sub nom. Virgin Island Class Plaintiffs v. Vilsack*, 362 F. App'x 252 (3d Cir. 2010) (explaining that loan programs administered by the USDA – including through RHS – for single-family housing pursuant to section 502 or section 504 of the Housing Act of 1949, are governed by 7 C.F.R. Part 3550).

Ferri has submitted no evidence to support his asserted defenses and has submitted nothing in opposition to Plaintiff's motion for summary judgment. Such absence of evidence fails to overcome Plaintiff's presumptive right to foreclosure. *United States v. Fugle*, No. 00-CV-0540E(SR), 2003 WL 251948, at *2 (W.D.N.Y. Jan. 25, 2003) (citation

omitted). Accordingly, Plaintiff's motion for summary judgment on its foreclosure action must be granted.

## V. DAMAGES

Lastly, Plaintiff has submitted a proposed Judgment of Foreclosure and Sale, setting forth the amount due and owing, and procedures for the sale of the premises and subsequent distribution of funds. Plaintiff seeks a total of $273,176.97 due on the note, calculated through November 1, 2021 and broken down as follows in the affidavit of foreclosure specialist Lindsey, who states that the figures are based upon Plaintiff's official business records:

| | |
|---|---|
| Unpaid Principal | $ 187.306.66 |
| Unpaid Interest (thru [sic] 11/1/21) | $ 26,142.83 |
| Subsidy to Be Recaptured | $ 34,878.92 |
| Escrow | $ 4,919.06 |
| Late Charges | $ 42.12 |
| Fee Required with payoff funds | $ 1,141.63 |
| Fee Currently Assessed | $ 18,745.75 |
| TOTAL DUE through 11/1/21: | $ 273,176.97 |

Lindsey Aff. at page 6 ("SCHEDULE A"). Nevertheless, based on various moratoriums on foreclosures imposed by the state and federal governments, respectively, since the outbreak of the Covid-19 pandemic, it is not clear to the Court whether additional interest or fees have accrued in the more than 15 months that have lapsed since Plaintiff made its calculations.

Moreover, although the note clearly provides for the payment of attorney's fees in case of default by the borrower (*see* Lindsey Aff. (Ex. A)), the Court finds the affidavit submitted by Plaintiff's attorney regarding legal costs to be an insufficient basis for judging the reasonableness of the fees sought. Generally, "courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'" *Nationstar Mortg. LLC v. Nedza*, 315 F. Supp.3d 707, 713 (W.D.N.Y. 2018) (citation omitted). Plaintiff's affidavit seeks attorney's fees of $5,225.00, based on a rate of $215.00 per hour for over 19 hours of time spent on the action and another four hours anticipated post-judgment based upon a fees affidavit of Plaintiff's counsel (13 hours of attorney time, 10.4 hours of paralegal time). MacTiernan Fees Aff., Apr. 6, 2022, ECF No. 35-17. However, the affidavit does not specify the experience level of the attorneys and paralegals working on the case, does not distinguish between an hourly rate for attorneys and an hourly rate for paralegals, does not include contemporaneous time records of the work performed, and does not make clear whether the time expended for each service is estimated or actual.

Finally, Plaintiff fails to specify a referee in its proposed judgment of foreclosure and sale, and leaves several blank fields, presumably for the Court's completion.

It is the Court's intent to sign a judgment of foreclosure and sale, and to appoint the United States Marshal for the Western District of New York as the referee. However, given the uncertainties regarding the amounts due and owing to Plaintiff on the note and for attorney's fees, the Court directs Plaintiff to submit an amended proposed judgment of foreclosure and sale, along with proper evidentiary support in the form of affidavits or business records, to specify the total amount due and owing the Plaintiff, the reasonable attorney's fees to be awarded, and appointing the United States Marshal for the Western District of New York as the referee overseeing the sale of the property.

CONCLUSION

For all of the foregoing reasons, it is hereby

ORDERED that Plaintiff's motion to amend the caption to dismiss Defendants John Doe, Mary Roe, and XYZ Corporation [ECF No. 35] is granted and the Clerk of Court is directed to amend the case caption accordingly; and it is further

ORDERED that Plaintiff's motion for default judgment [ECF No. 35] against Defendants Mariner Finance, LLC and Midland Funding LLC is granted; and it is further

ORDERED that Plaintiff's motion for summary judgment [ECF No. 35] against Defendant David J. Ferri in its forclosure action is granted; and it is further

ORDERED that Plaintiff file an amended proposed judgment of foreclosure and sale, along with proper evidentiary support in the form of affidavits or business records, to specify the total amount due and owing the Plaintiff, the reasonable attorney's fees, and appointing the United States Marshal for the Western District of New York as the referee to dispose of the property otherwise known as 6100 Goodale Road, Canandaigua,

NY 14424 at public auction.

SO ORDERED.

Dated:    February 22, 2023
          Rochester, New York

                                          ENTER:

                                          *Charles J. Siragusa*
                                          CHARLES J. SIRAGUSA
                                          United States District Judge